F I L E D
United States Court of Appeals
Tenth Circuit

JUN 18 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DOUGLAS TYLER WOODS,

      Plaintiff - Appellant,

v.

CALVIN SMITH,

      Defendant - Appellee.

No. 97-1465

(D. Colorado)

(D.C. No. 97-D-2005)

---

ORDER AND JUDGMENT[*]

---

Before **ANDERSON**, **McKAY,** and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Appellant Douglas Tyler Woods, a state inmate appearing pro se, appeals the district court's dismissal of his § 1983 claim as legally frivolous or for failing

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to state a claim upon which relief could be granted, and petitions this court for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Because we conclude that Mr. Woods has on three or more "prior occasions" brought actions which were dismissed on the grounds of frivolousness or for failure to state a claim, we deny him leave to proceed in forma pauperis and dismiss this appeal.

We take judicial notice that Mr. Woods has had three or more actions or appeals in courts of the United States dismissed as frivolous or for failure to state a claim. See Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996) (stating that federal courts may take notice of judicial proceedings in other courts if they have a direct relation to matters at issue). First, in Woods v. Hunter, No. 95-S-2548 (D. Colo. Oct. 10, 1995), the district court dismissed Woods' civil rights complaint as legally frivolous.[1] Second, in Woods v. Keenan, No. 95-S-2867 (D. Colo. Dec. 8, 1995), the district court again dismissed Woods' civil rights complaint as legally frivolous.[2] Third, in Woods v. Province, No. 96-M-1066 (D. Colo. July 23, 1996), the district court dismissed Woods' civil rights complaint for failure to state a claim. Finally, in the most recent case, Woods v. Smith, No. 97-D-2005 (D. Colo. Nov. 19, 1997), the district court dismissed Woods' civil rights complaint as legally frivolous or for failure to state a claim. There is thus

_____

[1] See Green, 90 F.3d at 420 (concluding that § 1915(g) applies to prisoner suits dismissed prior to its enactment).

[2] Ibid.

-2-

no question but that Mr. Woods has had actions dismissed as frivolous or for failure to state a claim "on three or more prior occasions, while incarcerated or detained in any facility." 28 U.S.C. § 1915(g).

Accordingly, we DENY Mr. Woods leave to proceed in forma pauperis under 28 U.S.C. § 1915, and he is barred from proceeding in forma pauperis in the future. For the reasons explained above, we also direct the Clerk of this Court not to accept from Mr. Woods any further appeals of judgments in civil actions or proceedings or any extraordinary writs in noncriminal matters, unless he pays the filing fees established by our rules. The preceding directive does not apply to appeals or petitions asserting that Mr. Woods is under imminent danger of serious physical injury.[3] See 28 U.S.C. § 1915(g). Appeal DISMISSED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[3]In April 1998, we determined that Mr. Woods already had three "prior occasions" and entered an order directing Mr. Woods to show cause why he should not be required to pay the filing fee in full before proceeding in this matter. Mr. Woods ultimately responded to our order by submitting a "Request in Lieu of Show of Cause," asking that we dismiss this appeal without prejudice. Based on our resolution of this case, Mr. Woods' "Request" is rendered moot, and we do not address it.

In addition, Mr. Woods has asked this court to order the state court to rule on his pending motion pursuant to Colo. R. Civ. P. 35(a). Such a request is inappropriate in this case, and we do not address it.